E-FILED
Tuesday, 30 May, 2017 04:48:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

NEVIN L. LENTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:16-cv-02130-SLD

## ORDER

Before the Court is Petitioner Nevin Lenton's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 3. For the foregoing reasons, Lenton's petition is DENIED.

## BACKGROUND

On November 14, 2013, Lenton pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1), attempted bank robbery in violation of 18 U.S.C. 2113(a), and attempted aggravated bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). Plea Agreement, Case No. 2:12-cr-20081, Cr. ECF No. 19.[1] The Court accepted the plea and entered judgment against him on November 15, 2013. Judgment, Cr. ECF No .28. The parties agreed that Lenton was an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), because he had three prior convictions that counted as violent felonies under the Act. PSR ¶ 45, Cr. ECF No. 26. Two of those felonies were burglaries, one in Illinois and one in Georgia. *Id.* at ¶¶ 50–51. The parties ultimately agreed that with the ACCA

---

[1] Citations to docket entries in Lenton's § 2255 proceeding will take the form: ECF No. __. Citations to docket entries in Vincent's underlying criminal matter, *United States v. Lenton*, Case No. 2:12-cr-20081-MPM-DGB-1, take the form Cr. ECF No. __.

1

enhancement, an offense level of 31, and a criminal history category of VI, the appropriate sentence was 188 months—the low end of the guideline range.

On May 16, 2016, Lenton filed his § 2255 petition, arguing that due to the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his predicate offenses no longer count as violent felonies under the ACCA, and that he no longer qualifies as an armed career criminal. *See* Mot. Vacate, Set Aside, or Correct Sentence, ECF No. 3. The Government responded to Lenton's petition, arguing that Lenton is not entitled to relief because "his claim is (1) waived; (2) procedurally defaulted; (3) untimely; and (4) barred by the concurrent-sentence doctrine." Gov't Resp., ECF No. 8. Lenton, via his appointed counsel, then filed a response acknowledging that the claim is time-barred due to Lenton's plea agreement and therefore procedurally defaulted. Pet'r's Reply 2, ECF No. 10.

## DISCUSSION

### I. Legal Standard on a Petition Pursuant to 28 U.S.C. § 2255

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the procedure by which a federal prisoner may file successive habeas corpus petitions challenging his criminal sentence. 28 U.S.C. § 2255(a). AEDPA established a 1-year time period in which a federal prisoner may file a federal habeas petition, running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been

discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## II. Analysis

The Government argues that Lenton's petition is procedurally barred because it is untimely. The Government is correct, and Lenton has conceded this point. Pet'r's Reply 2. In order for his petition to be timely, it must fall within one of the enumerated exceptions in AEDPA. 28 U.S.C. § 2255(f). Lenton makes no argument that his claim is timely within the second or fourth limitations periods provided by AEDPA, and, as explained below, he has waived his argument invoking the third. Lastly, the only exception available to him–that his petition was filed one year from the date on which the judgment of conviction became final— does not apply. On that basis, Lenton's claim is not timely.

Lenton based his original petition on the argument that he was entitled to relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which announced a new rule of law by invalidating the so-called "residual clause" of § 924(e). Pro Se Mem. Supp. § 2255 Mot. 4, ECF No. 4. Lenton argues that the sentencing court did not "identify which specific provisions of the ACCA applied," and that the residual clause was the only one that could have encompassed these convictions. *Id.* at 2. He argues that the convictions did not qualify as violent felonies under § 924(e)(2)(B)'s other clauses either, and therefore could not be counted to enhance the sentence. *Id.* Though burglary is one of the enumerated offenses in § 924(e)(2)(B), Lenton argues that the state criminal statutes in question do not match the elements of "generic burglary," and so his convictions under those statutes are not violent felonies under the ACCA. *See Taylor v. United States*, 495 U.S. 575, 598–99 (1990). The amended petition, filed by counsel on Lenton's behalf, argued more specifically that the burglary

statutes under which Lenton was convicted should be analyzed using the statutory interpretation framework set out in *Mathis v. United States*, 136 S.Ct. 2243 (2016). Am. Mem. Supp. § 2255 Mot. 3, ECF No. 6.

In his newest filing to the Court, Lenton now acknowledges that the Seventh Circuit has decided that the type of claim raised in his petition—analysis of a criminal statute to determine whether it counts as a generic enumerated offense—is not a *Johnson*-based challenge but rather is a *Mathis*-based challenge. Pet'r's Reply 1. *Mathis* did not create a new rule of law, and therefore a claim based on its holding does not trigger a new one-year statute of limitations for the filing of his § 2255 motion. *Holt v. United States*, 843 F.3d 720, 721–22 (7th Cir. 2016). Lenton does not provide any other alternative date to govern the calculation of the limitations period; therefore, the governing date is the one on which his judgment of conviction became final, on November 29, 2013.[2] Lenton did not file this petition until May 2016, over a year after the limitations period expired on November 29, 2014. Accordingly, Lenton's petition is not timely and is procedurally barred under AEDPA.

## CONCLUSION

Petitioner Nevin Lenton's § 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 3, is DENIED.

Entered May 30, 2017.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE

---

[2] The parties have pointed to two different dates as the date Lenton's judgment of conviction became final. Both dates–November 19, 2013 for respondent and November 29, 2013 for petitioner—place Lenton's claim well outside the limitations period; for the sake of precision, the Court notes that the district court entered judgment in Lenton's criminal case on November 15, 2013, and that Lenton had 14 days—until November 29, 2013—to appeal, at which time the judgment of his conviction became final. *See Davis v. United States*, 817 F.3d 319, 327 (7th Cir. 2016).